IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS B. LEWIS,                    )
                                    )
              Plaintiff,            )        2:22-cv-1012
                                    )
        v.                          )
                                    )        Judge Marilyn J. Horan
UNITED STATES OF AMERICA,           )
                                    )
              Defendants.           )
                                    )

**OPINION**

Plaintiff, Thomas B. Lewis, brings the within action against the United States of America pursuant to the Federal Tort Claims Act (FTCA) arising out of alleged medical negligence by the United States Department of Veteran Affairs.  (ECF No. 1).  The United States has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 25).  The matter is now ripe for consideration.

Upon consideration of Mr. Lewis's Complaint (ECF No. 1), the United States's Motion to Dismiss and Brief (ECF Nos. 25 and 26)[1], and for the following reasons, the United States's Motion to Dismiss will be granted.   Leave to amend will not be granted as any amendment will be futile, and Mr. Lewis's Complaint will be dismissed, with prejudice.

    I.      Relevant Background

Mr. Lewis avers that, on May 3, 2019, he was injured as a result of a surgical procedure that he underwent at the Veteran Administration Medical Center (VAMC) in Pittsburgh,

---

[1] Mr. Lewis moved for a *nunc pro tunc* extension to file a certificate of merit. (ECF No. 27).  On July 12, 2023, this Court denied the motion and ordered that Mr. Lewis should respond to the United States's Motion to Dismiss on or before August 2, 2023.  To date, Mr. Lewis has not filed a response.

Pennsylvania. (ECF No. 1-1).  On March of 2021, as required by the FTCA, Mr. Lewis first filed

an administrative tort claim against the VAMC.  (ECF No. 29-1).  On January 12, 2022, the VA

informed Mr. Lewis that his administrative tort claim was denied.  (ECF No. 29-2). On July 12,

2022, Mr. Lewis filed a Complaint against the United States asserting a medical malpractice

claim pursuant to the FTCA. (ECF No. 1).   After granting Mr. Lewis several extensions for

service, his counsel served the United States, via the VAMC and U.S. Attorney for the Western

District of Pennsylvania, on March 23 and March 27, 2023, respectively.

On May 19, 2023, this Court granted the parties' Consent Motion for Extension of Time

to Answer, Plead or otherwise Respond to the Complaint and ordered that Mr. Lewis "shall file a

Certificate of Merit Case on or before June 20, 2023." (ECF No. 23).  Mr. Lewis neither file a

Certificate of Merit on or before June 20, 2023, nor has he filed one to date.

The United States has moved for dismissal based upon Mr. Lewis's failure to file a

Certificate of Merit and maintains that any amendment should be futile because the limitations

period, under the FTCA, has lapsed.

II.     Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a

motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir.

2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A

pleading party need not establish the elements of a *prima facie* case at this stage; the party must

only "put forth allegations that 'raise a reasonable expectation that discovery will reveal

evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d

Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa.

June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016)

("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it

must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing

*Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal

conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132

F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not

whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer

evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d

Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with

needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment

unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.    Discussion

A.  Certificate of Merit

The United States contends that Mr. Lewis's medical malpractice claim should be dismissed because he failed to file the requisite Certificate of Merit, which is required under Pennsylvania law and this Court's May 19, 2023 Order.

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires a person who brings a claim of medical malpractice/negligence to file a Certificate of Merit either with the complaint or within 60 days thereafter.  Pa.R.C.P. 1042.3. The purpose of the required Certificate of Merit is "to assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000). It is also important to note that Rule 1042.3 does not excuse pro se plaintiffs, and it constitutes a rule of substantive law applicable in Federal Court. *See Perez v. Griffin,* 304 Fed. App'x 72, 74 (3d Cir. 2008) ("Rule 1042.3 is a substantive state law that federal district courts must apply . . . [b]y its explicit terms, the rule applies to both represented plaintiffs and pro se plaintiffs, like [the incarcerated prisoner] Perez."). Failure to comply with Rule 1042.3 results in dismissal of the claim. *Id.; See also, Nunez v. United States*, Case No. 4:08-CV-1956, 2010 WL 1329001, at *13

4

(M.D. Pa. Mar. 29, 2010).  Rule 1042.3 also applies to FTCA claims.  *Hodge v. United States DOJ*, 372 Fed. Appx. 264, 267 (3d Cir. 2010) (dismissal appropriate where plaintiff fails to submit certificate of merit, in its absence, FTCA claim fails as a matter of law). *See also, Osorio v. United States*, 2007 U.S. Dist. LEXIS 48561, 2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); *Peraza v. Helton*, 2016 U.S. Dist. LEXIS 150970, 2016 WL 6442254, at *6-7 (M.D. Pa. Nov. 1, 2016).

Here, under the well-established requirements of the FTCA and the application of the Pa.R.C.P. 1042.3, Mr. Lewis failed to file any Certificate of Merit either within the requisite 60 days following the filing of his Complaint or within the time extended by this Court.   Therefore, in absence of a Certificate of Merit, Mr. Lewis's Complaint, sounding in medical malpractice, fails as a matter of law.

Accordingly, the United States's Motion to Dismiss will be granted.  The Court will now turn to whether Mr. Lewis should be afforded any additional opportunity to cure his Complaint's defeciencies.

### B.   Amendment Futility

The United States argues that this Court should dismiss Mr. Lewis's Complaint with prejudice because any curative filing would fall beyond the limitations period for is FTCA claim.

Ordinarily, dismissal for failure to file a Certificate of Merit is without prejudice. *See, Donelly v. O'Malley & Langan*, 370 Fed. Appx. 347, 350 (3d Cir. 2010) (per curiam); *Booker v. United States*, 366 Fed Appx. 425, 427 (3d Cir. 2010). However, dismissal with prejudice is appropriate where the statute of limitations has run and amendment would be futile. *Slewion v. Weinstein*, No. 12-3266, 2013 U.S. App. LEXIS 5091, 2013 WL 979432, at *1 (3d Cir. Mar. 14,

2013) (per curiam).  Pursuant to the FTCA, 28 U.S.C. § 2401(b), a claimant must initiate suit within six (6) months of the mailing of the denial of a claim.

Here, the Court will dismiss Mr. Lewis's Complaint with prejudice.   On January  12, 2022, Mr. Lewis received his claim denial.   Any subsequent Complaint for medical malpractice, even if it contained a Certificate of Merit, would be beyond the six (6) month timeframe set forth in 28 U.S.C. § 2401(b).  Therefore, any attempt to cure Mr. Lewis's claim would be untimely and subject to dismissal.  Thus, any curative amendment or filing would be futile.

Accordingly, this Court will grant the United States's Motion and dismiss Mr. Lewis's Complaint, with prejudice.  A separate order will follow consistent with this Opinion.

Dated:  August 7, 2023

BY THE COURT:

MARILYN J. HORAN
United States District Judge