# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS B. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 22-1012 |
| | ) | |
| v. | ) | JUDGE HORAN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | *(Electronically Filed)* |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States of America, by and through its undersigned counsel, respectfully files the following Answer to Plaintiff, Thomas B. Lewis' Complaint as follows:

1. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 1 and therefore denies the same.

2. Admitted.

3. Admitted.

4. Jurisdiction/Venue. No response necessary.

5. Jurisdiction/Venue. No response necessary.

6. Admitted

7. The averments set forth in paragraph 7 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

8. The averments set forth in paragraph 8 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

9. The averments set forth in paragraph 9 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

10. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 10 and therefore denies the same.

11. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 11 and therefore denies the same.

12. Admitted as to what is stated in the medical record.

13. Admitted as to what is stated in the medical record

14. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 14 and therefore denies the same, with strict proof to the contrary demanded at trial.

15. The averments set forth in paragraph 15 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

16. The averments set forth in paragraph 16 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

17. The averments set forth in paragraph 17 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

18. The averments set forth in paragraph 18 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

19. The averments set forth in paragraph 19 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

20 The averments set forth in paragraph 20 contain legal conclusions to which a response is not necessary. To the extent a response is deemed necessary, said averments are denied with strict proof demanded at trial.

21. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 21 and therefore denies the same, with strict proof to the contrary demanded at trial.

22. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 22 and therefore denies the same, with strict proof to the contrary demanded at trial.

23. Defendant is without knowledge and information sufficient to form a belief as to the averments set forth in paragraph 23 and therefore denies the same, with strict proof to the contrary demanded at trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged injuries and damages of Plaintiff were not proximately caused by a negligent, careless, or wrongful act or omission of the Defendant United States.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from seeking an amount over the amount asserted in her administrative claim.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial against the United States in an FTCA action. 28 U.S.C. § 2402.

### FIFTH AFFIRMATIVE DEFENSE

To the extent it is proven that Plaintiff has failed to mitigate any alleged damages, those damages are therefore barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages against the United States are limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), 2671 et seq. Attorney's fees are governed by the statute. 28 U.S.C. § 2678.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Michael C. Colville*
MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7337
Michael.Colville@usdoj.gov
PA ID No. 56668

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2023, a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was served electronically and/or by first-class mail upon the following:

Sean Logue, Esquire
Sean Logue, PLLC
27 West Main Street
Carnegie, PA 15106
Sean@seanloguelaw.com

*Counsel for Plaintiff*

*/s/ Michael C. Colville*
MICHAEL C. COLVILLE
Assistant U.S. Attorney